UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.,<br><br>*Plaintiff,*<br><br>v.<br><br>JAMES KIP RAMSDELL JR., individually and as trustee of THE JAMES K. RAMSDELL JR. TRUST and THE NATALIE ANN RAMSDELL TRUST; THE JAMES K. RAMSDELL JR. TRUST; THE NATALIE ANN RAMSDELL TRUST; DAVID KRIEG; and KATHRYN KRIEG,<br><br>*Defendants.* | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND FOR ENTRY OF DEFAULT**<br><br>Case No. 4:24-cv-00038-AMA-PK<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff Nationwide Property & Casualty Insurance Company's ("Nationwide") Motion to Strike and for Entry of Default against certain defendants in *Nationwide Prop. & Cas. Ins. v. Ramsdell et al.*[1] For the reasons that follow, the Court will GRANT in part and DENY in part Plaintiff's Motion.

---

[1] Docket No. 4:24-cv-38, ECF No. 32.

1

## I. Background

Plaintiff Nationwide is an insurance company. Defendant James Kip Ramsdell, Jr. is an individual and alleged trustee of two trusts: The James K. Ramsdell Jr. Trust and The Natalie Ann Ramsdell Trust (the "Trusts").

On April 16, 2024, Nationwide brought this action seeking declaratory judgment to establish the rights and obligations of the parties in an underlying state suit.[2] The summons for this action were personally served on James Kip Ramsdell Jr., both as an individual, and as a trustee of the Trusts, on April 24, 2024, and certificates of service were filed with this Court on April 29, 2024.[3]

On July 31, 2024, a motion for extension of time to file an answer to the Complaint was apparently filed by Natalie Ann Ramsdell.[4] She indicated that she and Mr. Ramsdell would "act[] Pro Se."[5] Magistrate Judge Kohler granted an extension to August 30, 2024, "not[ing] that Ms. Ramsdell is not a party to this action and . . . she may not represent the other Defendants or the Natalie Ann Ramsdell Trust *pro se*."[6] Judge Kohler also explained that "Trust Defendants must be represented by counsel."[7]

---

[2] ECF No. 2, at 5-6.

[3] ECF No. 10.

[4] ECF No. 19, at 1.

[5] *Id.*

[6] ECF No. 20.

[7] *Id.*

Ms. Ramsdell subsequently filed a "Response to Complaint" (the "Answer") which is styled as an Answer, and which may have been intended as a filing on behalf of Mr. Ramsdell, in direct contravention of Judge Kohler's order.[8]

To date, Mr. Ramsdell has never appeared in this Court to address this case, either individually or as trustee of the Trusts, nor has any appearance been made by counsel on behalf of Mr. Ramsdell or the Trusts. On January 10, 2025, Nationwide filed a Motion to Strike Answer and for Entry of Default, in which Nationwide asks the Court to strike the Answer filed by non-party Natalie Ann Ramsdell and enter a default certificate and default judgment against Mr. Ramsdell and the Trusts.[9]

## II.   DISCUSSION

*a. The Court will strike the Answer.*

Parties to a case "may plead and conduct *their own* cases personally or by counsel . . . ." 28 U.S.C. § 1654 (emphasis added). Non-party non-lawyers are not allowed to file in federal court on behalf of parties and entities. *See, e.g., Nato Indian Nation v. Utah*, 76 Fed.Appx. 854, 856-57 (10th Cir. 2003). This applies to spouses and parents, *Echols v. Am. Fork Invs.*, 1992 U.S. App. LEXIS 19171, at *5-*6 (10th Cir. Aug. 17, 1992), and "protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party [she] purports to represent." *United States v. Lain*, 773 Fed.Appx. 476, 477 (10th Cir. 2019) (internal quotations omitted and cleaned up).

---

[8] ECF No. 24.

[9] ECF No. 32.

Additionally, "[a] corporation, association, partnership, or other artificial entity must be represented by an attorney . . . ." DUCivR 83-1.3(c)(2); *Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."); *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney . . . ."). Trusts are artificial entities that require attorney representation in court. *Lain*, 773 Fed.Appx. at 477.

Further, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). The non-party filer in this case, Ms. Ramsdell, nevertheless received notice from the Court that she may not represent Mr. Ramsdell nor the Trusts in this proceeding, including by improperly signing and filing a purported Answer on behalf of parties. The Court will thus strike Ms. Ramsdell's Answer.

      b. *The Court will deny without prejudice Plaintiff's motion for default.*

Having struck Ms. Ramsdell's Answer, the Court now turns to the issue of default certificate and judgment. Federal Rule of Civil Procedure 55 "mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir., June 20, 1995). This process requires the party seeking default certificate to "show[] by affidavit or otherwise," that the

4

defaulting party has "failed to plead or otherwise defend" the suit. Fed. R. Civ. P. 55(a). After the clerk enters default, the party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Nationwide's filing seeks a default certificate and judgment from the Court. These issues must be dealt with separately. Nationwide is thus directed to file separate motions for a default certificate and default judgment.

### III.  ORDER

The Court will GRANT in part and DENY in part Plaintiff's Motion to Strike Answer and for Entry of Default. Plaintiff's motion to strike Ms. Ramsdell's Answer is GRANTED. Plaintiff's motions for default certificate and default judgment are DENIED without prejudice.

IT IS ORDERED that Ms. Ramsdell's Answer [24] be struck.

IT IS FURTHER ORDERED that Plaintiff file separate motions for a default certificate and default judgment.

DATED this 4th day of February, 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge