IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.,<br><br>                    Plaintiff,<br><br>v.<br><br>JAMES KIP RAMSDELL JR., individually and as trustee of THE JAMES K. RAMSDELL JR. TRUST and THE NATALIE ANN RAMSDELL TRUST; THE JAMES K. RAMSDELL JR. TRUST; THE NATALIE ANN RAMSDELL TRUST; DAVID KRIEG; and KATHRYN KRIEG,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 4:24-cv-00038-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion for Entry of Default Judgment.[1] This Motion is referred to the undersigned from District Judge Ann Marie McIff Allen.[2] For the reasons discussed below, the Court will deny the Motion.[3]

## I. BACKGROUND

Plaintiff issued a homeowner policy to James Ramsdell for property located in Park City, Utah. Mr. Ramsdell is the trustee of The James K. Ramsdell Jr. Trust and of The Natalie Ann Ramsdell Trust. On or about October 4, 2023, David Krieg and Kathryn Kreig (the "Kreig

---

[1] Docket No. 38, filed May 21, 2025.

[2] Docket No. 40.

[3] On referral under 28 U.S.C. § 636(b), a magistrate judge has the authority to deny a motion for default judgment. *Franklin v. Parnell*, 461 F. App'x 823, 825 n.2 (11th Cir. 2011).

Defendants") sued James Ramsdell, both personally and in his capacity as a trustee; the James K. Ramsdell Jr. Trust; and the Natalie Ann Ramsdell Trust (the "Ramsdell Defendants") in Utah state court, seeking damages on a survival claim and a wrongful death claim. The Underlying Action alleges that Mr. Ramsdell, while under the influence of alcohol, shot and killed John Krieg, who was the son of the Krieg Defendants and Mr. Ramsdell's tenant.

On April 16, 2024, Plaintiff filed the Complaint in the instant action seeking a declaration that it has no duty to defend or indemnify the Ramsdell Defendants in the Underlying Action.[4] The Krieg Defendants filed an Answer on August 30, 2024.[5] A "Response to Complaint" was filed on behalf of the Ramsdell Defendants on September 6, 2024;[6] however, this Answer was stricken by the Court on account of it being signed by a non-party non-lawyer.[7] The Ramsdell Defendants have otherwise not appeared to defend.

Upon Plaintiff's Motion for Entry of Default,[8] the Court Clerk issued a default certificate as to the Ramsdell Defendants on April 8, 2025.[9] Plaintiff then filed the instant Motion, seeking default judgment against the Ramsdell Defendants.

---

[4] Docket No. 2.

[5] Docket No. 23.

[6] Docket No. 24.

[7] Docket No. 34.

[8] Docket No. 35.

[9] Docket No. 36.

## II.  DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that default judgment may be entered against a party who fails to appear or otherwise defend.[10] Entry of a default judgment involves a two-step process.[11] The moving party must first request entry of a default by the court clerk under Rule 55(a).[12] Once default has been entered by the clerk, the party may then apply to the court for default judgment under Rule 55(b).[13] Whether to enter a default judgment lies within the court's discretion.[14]

Plaintiff asks the Court to enter default judgment against the Ramsdell Defendants in the form of a declaratory judgment that Plaintiff has no duty to defend or indemnify the Ramsdell Defendants in the Underlying Action because the incident at issue falls outside the Policy's coverage. This request, however, runs afoul of the rule articulated in *Frow v. De La Vega*.

In *Frow*, the Supreme Court held that in cases with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants.[15] While *Frow* generally applies to cases where the defendants are jointly and severally liable, the Tenth Circuit has held that "[t]he *Frow* rule is also applicable in situations where multiple defendants have closely related defenses[,]"[16] and several district

---

[10] Fed. R. Civ. P. 55(a)–(b).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

[15] *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[16] *Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996).

courts within this Circuit have applied *Frow* in declaratory judgment actions similar to the instant matter.[17] "[T]he key aim of the rule is the avoidance of inconsistent judgments."[18]

 Here, an entry of default judgment against the Ramsdell Defendants would effectively prevent the Krieg Defendants from presenting their defense and would risk inconsistent judgments. In their Answer, the Krieg Defendants dispute Plaintiff's request for declaratory judgment and ask the Court to enter an order declaring that Plaintiff is required to indemnify its insureds against the claims presented in the Underlying Action. Additionally, the Krieg Defendants assert that there are factual issues in the Underlying Action that must be resolved before the proposed declaratory relief is ripe for decision, and they have denied many of the critical facts Plaintiff asks the Court to find against the Ramsdell Defendants. Thus, the defaulting defendants and the non-defaulting defendants share closely related defenses, and if the Court were to later find the Krieg Defendants' arguments valid, the result would be incongruous and absurd: Plaintiff would have a declaratory judgment against the Ramsdell Defendants that the Ramsdell Defendants were not covered by the Policy and the Krieg Defendants would have a judgment to the opposite effect.

---

[17] *Nat'l Cas. Co. v. Thomas & Sons Trucking, L.L.C.*, No. 14-4023, 2014 WL 11497892, at *2 (D. Kan. Dec. 5, 2014); *Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 196150, at *1 (D. Kan. Jan. 23, 2009); *Kinsale Ins. Co. v. One Cent. Assocs., LLC*, No. 1:23-CV-00629-MLG-JMR, 2024 WL 4286355, at *2 n.4 (D.N.M. Sept. 25, 2024); *Am. Select Ins. Co. v. Johnson*, No. 17-CV-01369-CMA-KLM, 2017 WL 5256344, at *3–4 (D. Colo. Nov. 13, 2017).

[18] *Wilcox*, 1996 WL 48857, at *3.

Default judgment is therefore not appropriate at this time, and the Court declines to enter such judgment against the Ramsdell Defendants until the claims between Plaintiff and the Krieg Defendants have been resolved.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Default Judgment (Docket No. 38) is DENIED.

DATED July 16, 2025.

BY THE COURT:

_____

PAUL KOHLER
United States Magistrate Judge